**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ERIC CONTESSA, as Personal
Representative of the Estate of
Vincenzo Luciano Contessa,
deceased,

    Plaintiff,

v.                                            Case No. 3:23-cv-00487-MMH-PDB

WHITE PINE INSURANCE
COMPANY,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint (Doc. 7; Motion), filed on May 1, 2023. Plaintiff Eric Contessa filed a response to the Motion on May 22, 2023. See Plaintiff's Response in Opposition to White Pine Insurance Company's Motion to Dismiss Count III of Amended Complaint (Doc. 9; Response). Contessa is proceeding on his Amended Complaint filed on April 27, 2023 (Doc. 6; Amended Complaint). In Counts I and II of the Amended Complaint, Contessa, as personal representative of decedent Vincenzo Luciano Contessa's estate, and assignee of certain rights belonging to Qian Y. Zheng, Inc., asserts that Qian Y. Zheng is entitled to coverage and indemnity under a

policy of insurance issued by White Pine Insurance Company (WPIC). Id. at 6-11. In Count III, Contessa asserts an unaccrued bad faith claim based upon WPIC's alleged failure to defend and indemnify Qian Y. Zheng against claims brought by Contessa in state court. Id. at 11.

In the Motion, WPIC asserts that Contessa's bad faith claim in Count III should be dismissed without prejudice. See Motion at 1-2. WPIC argues that the bad faith claim should be dismissed because the Court lacks subject matter jurisdiction over that claim. Id. In the Response, Contessa argues that abatement should be favored over dismissal because the Florida Supreme Court has held that state courts have jurisdiction over unaccrued bad faith claims and favors abatement where a determination of coverage is a condition precedent to another claim. See Response at 2. He also contends that 28 U.S.C. § 1967 provides the Court with the authority to exercise supplemental jurisdiction over the unripe claim in Count III.   Id. at 5.

Judges in the Middle District of Florida have not reached a consensus on whether dismissal or abatement of unaccrued bad faith claims is the better practice. Some have opted to abate prematurely filed bad faith claims in the interest of judicial economy. Sabol v. USAA Casuality Ins. Co., No. 5:16-CV-679-OC-30PRL, 2017 WL 238250, at *2 (M.D. Fla. Jan. 19, 2017); Gianassi v. State Farm Mut. Auto. Ins. Co., 60 F. Supp. 3d 1267, 1271 (M.D. Fla. 2014). Others favor dismissal under the "case and controversy" requirement of Article

III of the United States Constitution, which prevents federal courts from adjudicating cases that are unripe. See Shvartsman v. GEICO Gen. Ins. Co., No. 617CV437ORL28KRS, 2017 WL 2734083, at *1 (M.D. Fla. June 23, 2017); Caycho v. Am. Sec. Ins. Co., No. 8:22-CV-2502-KKM-AEP, 2023 WL 2799491, at *3 (M.D. Fla. Apr. 6, 2023).

Considering the two approaches, the undersigned is persuaded by the reasoning in cases where judges have determined that dismissal of unripe bad faith claims is the appropriate course of action. See Toburen v. State Farm Mut. Auto. Ins. Co., No. 3:17-CV-955-J-34JRK, 2017 WL 9935025, at *1 (M.D. Fla. Oct. 13, 2017) (dismissing uninsured motorist's bad faith claim without prejudice because the bad faith claim was indisputably not ripe for adjudication); see Ackerman v. State Farm Auto. Ins. Co., No. 6:20-CV-2334-ACC-EJK, 2021 WL 10374375, at *3 (M.D. Fla. Apr. 6, 2021); see also Miller v. Gov't Emps. Ins. Co., No. 3:19-CV-1133-J-34JRK, 2020 WL 2425735, at *1 (M.D. Fla. May 12, 2020). In the undersigned's view Contessa's unripe bad faith claim should be dismissed without prejudice because it fails to present a proper case or controversy over which the Court is authorized to exercise subject matter jurisdiction.

Plaintiff's contention - that because the Court has subject matter jurisdiction over the claims in Counts I and II, it can exercise supplemental jurisdiction over the unripe bad faith claim - is unavailing. Pursuant to 28

U.S.C. § 1367, in the absence of a basis for original jurisdiction, a court is authorized to exercise supplemental jurisdiction over other claims in an action that are part of the same controversy. See 28 U.S.C. § 1367(a) (authorizing a court to decide "all other claims that are so related … that they form part of the same case or controversy under Article III of the United States Const."). But any such claims must independently present a justiciable case or controversy. Indeed, it is beyond dispute that "courts have no business deciding legal disputes or expounding on law in the absence of such a case or controversy." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006)). While the bad faith claim likely is part of the same controversy as the claims in Counts I and II, because it is unripe, it fails to present a case or controversy over which the Court can exercise jurisdiction under § 1367.

Upon review of the Amended Complaint and the arguments presented, the Court finds that dismissal without prejudice of Contessa's bad faith claim is the appropriate course of action. Accordingly, it is

**ORDERED:**

1. Defendant White Pine Insurance Company's Motion to Dismiss Count III of Plaintiff's Amended Complaint (Doc. 7) is **GRANTED**.

2. Count III of Plaintiff's Amended Complaint is **DISMISSED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of October, 2023.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

i58

Copies to:

Counsel of Record