UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

| | |
|---|---|
| ERIC CONTESSA, as Personal Representative of the Estate of Vincenzo Luciano Contessa, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>WHITE PINE INS. CO.,<br><br>    Defendant. | 3:23-cv-00487-JAR-PDB |

**OPINION AND ORDER**

Before the court is Defendant White Pine Insurance Company's ("WPIC") motion to alter or amend judgment. Def.'s Mot. to Alter or Amend J., ECF No. 80 (Oct. 15, 2024) ("WPIC's Mot."). For reference, the court entered final judgment on September 18, 2024, in favor of Plaintiff, Eric Contessa in the amount of $1,000,000. J. in a Civil Case, ECF No. 72 (Sept. 18, 2024). WPIC now argues the court failed to address its alleged argument, raised in a footnote, regarding the applicability of the insurance policy's "Auto Exclusion" to Qian Y. Zheng, Inc.'s ("QYZ") operation of the vehicle through its agent, Victor Palma. WPIC's Mot. at 2–3. WPIC's argument is without merit.

Fed. R. Civ. P. 59(e) provides that a motion "to alter or amend a judgment" may be filed no later than 28 days after the entry of judgment. Reconsideration of a judgment pursuant to Rule 59(e) is "an extraordinary remedy which should be used sparingly." Page v. Comm'r of Soc. Sec., No. 6:21-CV-258-LHP, 2024 WL 414618, at *3 (M.D. Fla. Feb. 5, 2024) (citation omitted). The

Case No. 3:23-cv-00487-JAR-PDB

only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). "[A] Rule 59(e) motion [cannot be used] to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (citing Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

WPIC argues the court committed manifest error by failing to address its so-called argument mentioned in a footnote that, "[t]he alternative, if status as an insured did not matter, would be to consider all acts of an employee or agent of QYZ as acts of QYZ itself . . . . Under that interpretation WPIC would also have no duty to defend." Am. Resp. in Opp. to Mot. for Summ. J. at 15 n.6, ECF No. 63 (June 10, 2024).

WPIC's argument fails for the following reasons: first, arguments in a footnote are not considered. See Delaney v. Farley, 623 F. App'x 14, 17 (2d Cir. 2015) ("Generally, we do not consider arguments raised only in footnotes."); Mock v. Bell Helicopter Textron, Inc., 373 F. App'x 989, 992 (11th Cir. 2010) (deeming argument waived because it was raised only in a footnote); Connor v. Midland Credit Mgmt., Inc., No. 18-23023-CIV, 2019 WL 717413, at *4, n.1 (S.D. Fla. Feb. 20, 2019) ("[A]ddressing a legal argument only in a footnote is an incorrect method to present substantive arguments on the merits."). Second, it is unclear that WPIC raised an argument at all, but rather attempted to set forth an absurdity that would result if the status of an insured under the policy did not matter.

Further, if the action of any agent of QYZ could trigger preclusion of coverage under the Auto Exclusion the policy would have had to so specify. See State Comprehensive Health Ass'n v. Carmichael, 706 So. 2d 319, 320 (Fla. Dist. Ct. App. 1997) (noting that exclusionary clauses are construed very strictly against the insurer); see also Atl. Cas. Ins. Co. v. Ca'D'Oro, LLC, 362

OPINION AND ORDER - 2

Case No. 3:23-cv-00487-JAR-PDB

F. Supp. 3d 1268, 1274 (S.D. Fla. 2018) (holding that the court is bound to adhere to the decision of the state's intermediate appellate court in Category 5 Mgmt. Grp., LLC v. Companion Prop. & Cas. Ins. Co., 76 So. 3d 20, 24 (Fla. Dist. Ct. App. 2011) that an auto exclusion precluding coverage for employees of an insured does not relieve an insurer of its duty to defend its insured for acts of the insured's agents). Finally, there would be no reason for the Auto Exclusion to refer to categories of insureds in the policy if all agents were intended. See White Pine Insurance Company Policy at 128, 133–34, ECF No. 49-2 (May 8, 2024); Atl. Cas. Ins. Co., 362 F. Supp. 3d at 1274.

The court also notes that granting WPIC's motion would be unfair. This case was not litigated on this new basis, and a motion to alter or amend judgment is not an opportunity to raise argument or present new evidence that could have been raised prior to the entry of judgment. Arthur, 500 F.3d at 1343.

Accordingly, it is hereby

**ORDERED** that the motion to alter or amend judgment, ECF No. 80, is **DENIED**.[1]

/s/ Jane A. Restani
Jane A. Restani, Judge[*]

Dated: November 6, 2024
New York, New York

---

[1] Defendant WPIC filed a supplement to its motion to alter or amend judgment explaining its alleged failure to confer per Local Rule 3.01(g). Def.'s Supp. Rule 3.01(g) Statement, ECF No. 85 (Oct. 30, 2024). Because the court denies WPIC's motion to alter or amend judgment on the merits, its supplement is moot.

[*] Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.